286 F.2d 97
 109 U.S.App.D.C. 241
 J. Warren BERWICK, Harold Knox, R.B. McCall, Jr., and
Louisiana National Bank of Baton Rouge, Executor
of Estate of C.W. Lamar, Jr., d/b/a KTAG
Associates, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, Texas Goldcoast
Television, Inc., Intervenor.
 No. 15708.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 4, 1960.
Decided Nov. 23, 1960.
 
 Mr. Robert W. Coll, with whom Messrs. James A. McKenna, Jr., Vernon L. Wilkinson and Joseph M. Kittner, Washington, D.C., were on the brief, for appellant.
 Mr. Max D. Paglin, Asst. General Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, General Counsel, Federal Communications Commission, and Joel Rosenbloom, Counsel, Federal Communication Commission, were on the brief, for appellee.
 Mr. John E. Stephen, Washington, D.C., for intervenor.
 Before WILBUR K. MILLER, Chief Judge, and EDGERTON and BAZELON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Federal Communications Commission granted, without a hearing, intervenor's application to modify its license. When a grant has been so made it remains subject to protest for a 30-day period, during which 'any party in interest may filed a protest under oath directed to such grant and repquest a hearing on said application so granted.' 48 Stat. 1085, 47 U.S.C. 309(c).[1] Appellant filed a protest within 30 days, but it was incomplete because not under oath. After the 30-day period had expired, appellant sought to amend his protest by adding the oath. The Commission dismissed the protest, saying it 'does not comply with the statutory requirements of Section 309(c) of the Act.'
 
 
 2
 In another case the Commission had previously permitted the substitution, after the 30-day period had expired, of a properly executed affidavit for one not properly executed. Connecticut Water Co. v. Wooldridge Bros., Inc., released June 5, 1958; 17 Pike & Fischer Radio Regulation 349. We think the Commission may, in its descretion, permit the proposed correction of the protest in the present case. Cf. City Cabs, Inc. v. Federal Communications Commission, 107 U.S.App.D.C. 136, 137, 275 F.2d 165, 166; Johnston Broadcasting Co. v. Federal Communications Commission, 85 U.S.App.D.C. 40, 175 F.2d 351.
 
 
 3
 Reversed.
 
 
 
 [1]
 47 U.S.C.A. 309(c)